IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Case No: 2:25-cv-00641 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH - OF | ) | |
| THE COMMONWEALTH SYSTEM | ) | **PLAINTIFF'S MOTION FOR** |
| OF HIGHER EDUCATION, et. al. | ) | **PERMISSION TO PROCEED** |
| | ) | **UNDER PSEUDONYM** |
| Defendants. | ) | |

Now comes Plaintiff, John Doe, by and through undersigned counsel, and hereby moves this Honorable Court for an Order permitting Plaintiff to proceed using the pseudonym referenced above. A proposed order is attached hereto for the Court's consideration. The legal and factual basis for the instant request is fully explained in the accompanying Memorandum in Support, which is attached hereto and incorporated herein.

Respectfully Submitted,

*/s/ Eric F. Long*
ERIC F. LONG (pending pro hace vice admission)
TYLER J. WALCHANOWICZ (pending pro hac vice admission)
Counsel for Plaintiff
Friedman, Nemecek Long & Grant, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: efl@fanlegal.com
E: tjw@fanlegal.com

**MEMORANDUM IN SUPPORT**

I.   **INTRODUCTION**

Plaintiff, a former staff member at the University of Pittsburgh, files this Motion to proceed under a fictitious name in his Complaint and all other filings in the case to maintain and protect his privacy and reputational interests as he seeks redress against University of Pittsburgh and others for its mishandling of allegations of sexual misconduct against him by a female student at the University. John Doe also seeks to maintain his accuser's privacy by referring to her as "Jane Roe," as well as any other students or co-workers involved in the process by referring to them by their initials.

All of Plaintiff's causes of action arise from University of Pittsburgh's and the individual defendants' conduct relative to the disciplinary investigations and adjudication proceedings. Both the investigations and proceedings involve sensitive personal matters, including allegations of dating violence and sexual misconduct, which Plaintiff vehemently denies. In bringing this suit, Plaintiff seeks to clear his name. If Plaintiff is forced to reveal his identity in the Complaint, it will undoubtedly be detrimental to his professional reputation and career pursuits. Defendants are fully aware of John Doe's actual identity, as elaborated below, and will not be prejudiced in any way by the use of a pseudonym for the filings in this case. Plaintiff also seeks to protect the privacy and reputational interests of the other party in the disciplinary process, who at all relevant times was John Doe's friend/former girlfriend, by utilizing the pseudonym of Jane Roe.

II.   **FACTUAL BACKGROUND**

The facts underlying the lawsuit are set forth in detail in John Doe's Complaint, filed contemporaneously with this Motion, and will not be repeated here. To briefly summarize, years after their relationship concluded, Jane Roe, a former student at the University of Pittsburgh,

falsely accused John Doe of abusing her throughout the course of their relationship. During part of their relationship, Plaintiff was employed with the University as a postdoctoral trainee while Jane Roe was a student. After the allegations were brought to the University's attention, Defendants employed a fundamentally unfair process that sought to find males, such as Plaintiff, responsible of sexual misconduct, and punish them. At the conclusion of this flawed and unfair process, Defendants found Plaintiff responsible for several policy violations, and banned Plaintiff from the University campus under the threat of arrest.

### III.   LAW AND ARGUMENT

Although Fed.R.Civ.P. 10(a) requires that a complaint name all parties, Courts do allow the use of pseudonyms in exceptional cases. *Doe v. Brennan,* No. 5-19-cv-5885, 2020 WL 1983873, at *1 (E.D. Pa. Apr. 27, 2020). In making such a determination, "district courts should balance a plaintiff's interest and fear [of disclosure] against the public's strong interest in an open litigation process." *Doe v. Meglass*, 654 F.3d 404, 408 (3d Cir. 2011).

The factors that support the use of a pseudonym include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Id.*

   1. ***The factors above weigh heavily in John Doe's favor.***

This Circuit, as well as courts around the nation have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests, like the ones in this matter. Even recently, courts within this circuit have recognized the privacy interest of persons like Plaintiff in seeking redress against universities. *See Doe v. Rutgers*, 2019 WL 1967021 (D.N.J. Apr. 30, 2019); *Doe v. Drexel University*, 2023 WL 8373166 (E.D. Pa. Dec. 4, 2023); *Doe v. Princeton University*, 2019 WL 5587327 (D.N.J. Oct. 30, 2019); *Doe v. Rider University*, 2018 WL 3756950 (D.N.J. Aug. 7, 2018).

Additionally, courts around the country have also routinely allowed persons in Plaintiff's position proceed under pseudonyms. *See, e.g., Doe v. Brandeis*, No. 15-11557, 2016 U.S. Dist. LEXIS 43499, at *93 (D. Mass. Mar. 31, 2016) (permitting use of pseudonym because student-plaintiff could be subject to "stigmatization" in lawsuit against college that found him responsible for sexual assault); *see also Doe v. Von Eschenbach*, No. 06-2131, 2007 U.S. Dist. LEXIS 46310, at *4-5 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with the "plaintiff's privacy rights") (citation omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'") (citation omitted).

When examining the approach of courts around the nation, it is clear that courts are especially cognizant of protecting plaintiffs' identities in cases of college disciplinary matters. These courts have allowed plaintiffs who have brought claims against colleges and universities stemming from investigations of misconduct to proceed anonymously. Moreover, a substantial

number of colleges and universities have recognized this substantial privacy right by not opposing similar motions to proceed anonymously. *See, e.g., Doe* v. *Alger,* 317 F.R.D. 37, 42 (W.D. Va. Mar. 31, 2016) (holding plaintiffs "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Columbia Univ.,* 101 F. Supp. 3d 356, 360 n. 1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."); *Doe* v. *Univ. of the South,* 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding the magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for violating college policies); *Doe* v. *Colgate Univ.,* No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of misconduct can proceed anonymously after balancing all pseudonym factors); *Doe* v. *Swarthmore Coll.,* No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding the student-plaintiffs application of pseudonym factors to his case "compelling").

Turning to the aforementioned factors, factor one favors plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit disclosure of sensitive information to few other people.'" *Drexel*, 2023 WL 8373166 at *2, citing *Rutgers*, 2019 WL 1967021, at *2. By its very nature, Title IX proceedings are confidential records within the University. Plaintiff has not made these allegations or the proceedings he was subjected to public knowledge.

Factor two also weighs in Plaintiff's favor, as the reasons he seeks anonymity are both reasonable and substantial. As discussed in the Complaint, Plaintiff was accused of various forms of sexual harassment, including dating violence while he was employed by the University and dating a student. The allegations have a direct impact on his professional reputation. Plaintiff is

concerned that, if he must reveal his identity and these false claims become public, it will have a profound and adverse impact on his ability to secure employment at other universities.

In evaluating the remaining factors, even a cursory review suggests that Plaintiff ought to be afforded the opportunity to proceed anonymously via the use of a pseudonym. Should Plaintiff be forced to identify himself, Plaintiff will be unable to pursue this litigation, as the risk of having his name publicly associated with these false allegations will be far too great for him to continue, particularly due to his employment concerns. For this same reason, other similarly situated litigants will be deterred from litigating these claims.

Additionally, there is no risk of prejudice to University of Pittsburgh or the other Defendants. The University knows the true identities of John Doe and Jane Roe, and all of John Doe's filings in the case will be publicly available. Only his name and that of Jane Roe and/or other students will be shielded from public disclosure. Indeed, permitting John Doe to use these pseudonyms will further the University's interest in maintaining the confidentiality of its disciplinary proceedings, particularly in the context of investigations into charges of sexual misconduct, like those levied against John Doe in the underlying proceeding. Although the public has a legitimate interest in the legal issues John Doe raises in his Complaint, including issues of fairness and gender discrimination in disciplinary proceedings involving sexual misconduct allegations, the actual identities of the individuals are of minimal importance to the public. John Doe is not a public figure and has maintained the confidentiality of his identity. Finally, Plaintiff does not have any illegitimate or ulterior motives in proceeding anonymously.

In the age of the Internet, John Doe's name would be forever related to the University's charges of sexual misconduct, regardless of the ultimate outcome of this lawsuit. Given the emotional charge associated with allegations of sexual misconduct, Plaintiff has a rational fear that

disclosing his identity will lead to questions surrounding his moral character, integrity, and fitness for future employment. His future employment opportunities will almost certainly be severely hampered, as he will be forced to answer questions relating to the discipline, even if he were to prevail before this Honorable Court. *See, e.g., Brandeis.,* 2016 U.S. Dist. LEXIS 43499, at *93 ("A finding of responsibility for sexual misconduct can also have significant consequences off-campus. Post-graduate educational and employment opportunities may require disclosure of disciplinary actions taken by a student's former educational institution.") Under such circumstances, pseudonymous litigation is necessary and appropriate, and no other measure would accomplish such purpose.

Although there is a public interest in the legal issues raised in John Doe's Complaint - and in similar complaints brought by an increasing number of accused individuals who have been forced (like John Doe) to assert their rights in the courts against wrongful university disciplinary actions - the public has little interest in knowing, and no compelling need to know, the actual identities of the student-litigants and their accusers. John Doe only seeks to protect his identity and the identity of his accuser. All filings submitted to the Court will be a matter of public record and will be available for public review.

IV.   **CONCLUSION**

In order to challenge the University's conduct and disciplinary policies, it is imperative that Plaintiff be able to remain anonymous. It is also important that Jane Roe or the other witnesses are not subjected to the publication of their name.  One of the primary factors in filing this lawsuit is to ensure that Plaintiff maintains his good name in the community and is not unfairly branded as a person who engages in the behavior he is accused of. For all the reasons discussed above,

Plaintiff respectfully requests that this Honorable Court Grant Plaintiff's Motion for Permission to Proceed Under Pseudonym during the duration of the instant litigation.

**WHEREFORE,** based on the foregoing, Plaintiff, John Doe, respectfully requests permission from this Honorable Court to use the pseudonym "John Doe" in any and all filings and/or proceedings in this matter.

Respectfully Submitted

*/s/ Eric F. Long*
ERIC F. LONG (OH #0093197)
TYLER J. WALCHANOWICZ (OH # 0100115)
*Pending Pro Hac Vice Admission*
Friedman Nemecek Long & Grant, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: efl@fanlegal.com
E: tjw@fanlegal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Case No: 2:25-cv-00641 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH - OF | ) | |
| THE COMMONWEALTH SYSTEM | ) | **DECLARATION OF PLAINTIFF** |
| OF HIGHER EDUCATION, et. al. | ) | **"JOHN DOE" IN SUPPORT OF** |
| | ) | **HIS MOTION TO PROCEED UNDER** |
| Defendants. | ) | **PSEUDONYM** |

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in the above captioned lawsuit.

2. My complaint is being filed contemporaneously with this declaration. In the Complaint, I allege that University of Pittsburgh and the Individual Defendants have violated my rights and breached the contract between me and the University, in the manner in which the disciplinary investigation and adjudication process had been conducted.

3. I was a respondent in a disciplinary process, involving Jane Roe. The allegations in the case stem from allegations of sexual misconduct by me, in violation of the University's Sexual Misconduct Policy.

4. Given the highly sensitive nature of the allegations, I believe that proceeding with this lawsuit under my real name would cause irreparable harm to my reputation, future employment opportunities, and personal relationships.

5. Defendants' erroneous conclusions and the resulting interruption of my professional career and future employment have had a profound negative effect on me, including on my emotional health. These effects will worsen if my name is publicly tied to the issue of sexual misconduct.

6. Given the nature of the internet and public court records, I fear that if my identity must be disclosed to clear my name, I will forever be linked to the label of an abuser regardless of the outcome of this suit or the hearing.

7. There is also a risk that Jane Roe and other involved witnesses could be identified if I am forced to use my real name.

8. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2025

*John Doe*

_____

"John Doe"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Case No: 2:25-cv-00641 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH - OF | ) | |
| THE COMMONWEALTH SYSTEM | ) | **DECLARATION OF PLAINTIFF** |
| OF HIGHER EDUCATION, et. al. | ) | **"JOHN DOE" IN SUPPORT OF** |
| | ) | **HIS MOTION TO PROCEED UNDER** |
| Defendants. | ) | **PSEUDONYM** |

**PROTECTIVE ORDER**

To protect the interests of Plaintiff and others in this action, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall proceed in this action under the pseudonym "John Doe."

2. The parties shall refer to witnesses who were involved in the disciplinary proceedings using their initials only.

3. The parties shall refer to the accuser as "Jane Roe."

4. All documents filed with the Court that contain the name of Plaintiff or other witnesses, either directly or indirectly, shall be filed under seal. In all publicly filed documents, Plaintiff and other witnesses shall be identified only by pseudonym.

5. The identities of Plaintiff and other witnesses may be disclosed only to the extent reasonably necessary for the conduct of this action and only to the following:

    a. The Court (including any appellate court) and Court personnel;

    b. Court reporters and videographers in connection with the taking of a deposition or the transcription of court proceedings;

    c. Attorneys for the parties to this action and employees of the attorneys' firms;

    d. Plaintiff's immediate family members and Defendant's officers, directors, representatives, and trustees;

    e. Experts, advisors, consultants, and other persons engaged to assist directly in this action; and

    f. Mediators, facilitators, arbitrators, or other third-party neutrals that are engaged by the parties to participate in a resolution of this action.

6. Individuals to whom disclosure of Plaintiff's identity is made shall not further disclose that information to any other person.

7. Any person to whom disclosure of Plaintiff's identity is made shall first read this Protective Order prior to having access to Plaintiff's identity.

8. Under no circumstances shall any person disclose Plaintiff's name to the media without the consent of Plaintiff's counsel.

9. If any specific issues related to the non-disclosure of Plaintiff's identity arise during the course of this action, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

**IT IS SO ORDERED**.


Date:                                                          _____
                                                                       United States District Judge