IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 2:25-cv-00641 |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF PITTSBURGH OF THE ) | |
| COMMONWEALTH SYSTEM OF HIGHER ) | |
| EDUCATION, et al., ) | |
| ) | |
|     Defendants. ) | |

**<u>DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION
TO THEIR MOTION TO DISMISS</u>**

AND NOW, Defendants, the University of Pittsburgh of the Commonwealth System of Higher Education (the "University"), Laurel Gift, Kristi Heidel, Vanessa Love, James Gallaher, and David Dejong (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Reply Brief in further support of their Motion to Dismiss Plaintiff's Complaint ("Motion").

For the sake of judicial economy, Defendants will not address every argument raised in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (the "Opposition Brief"), but rather will confine this Reply to issues raised in the Opposition that warrant discussion separate from the arguments previously raised by the Defendants in their Motion. For the avoidance of doubt, the Defendants' Motion to Dismiss and Brief in support thereof are fully incorporated herein by reference and the Defendants maintain that the claims set forth against them in Plaintiff's Complaint should be dismissed in their entirety and with prejudice.

I.   **INTRODUCTION**

Plaintiff's Opposition Brief in response to Defendant's Motion glosses over Defendants' arguments and repeatedly asks the Court to read allegations into Plaintiff's Complaint that are simply not there.  A close reading of Plaintiff's Complaint reveals that Plaintiff relies on generalized and conclusory assertions to advance his claims rather than well-plead factual allegations to show that his claims are plausible.  Because Plaintiff fails to plead particularized allegations suggesting gender bias on the part of the University, fails to plead that he has a protectable property or liberty interest, or that he suffered cognizable harm as a result of conduct taken by state actors, and fails to address certain of Defendants' arguments, his claims must be dismissed.

II.   **ARGUMENT**

   A.   **Plaintiff's reliance on *Doe v. Trustees of the University of Pennsylvania* to support his Title IX claim is misplaced.**

Despite Plaintiff's conclusory assertions to the contrary, Plaintiff does not point to any specific allegations in the Complaint that "show the influence of gender" on the outcome of his disciplinary proceeding, as is required to plead a Title IX claim.  *See Doe v. Franklin & Marshall Coll.*, No. 5:23-CV-00943, 2023 WL 5747333, at *6 (E.D. Pa. Sept. 6, 2023), *on reconsideration in part*, No. 5:23-CV-0943, 2023 WL 6847563 (E.D. Pa. Oct. 17, 2023) (citations omitted) (emphasis added).  Plaintiff's Opposition Brief relies heavily on *Doe v. Trustees of the University of Pennsylvania* to support his position that Plaintiff sufficiently plead facts to plausibly state a Title IX claim under the erroneous outcome theory.[1]  However, *Doe v. Trustees of the University of Pennsylvania* is readily distinguishable.  As *Doe v. Trustees of the University*

---

[1] Plaintiff's Opposition Brief does not address Defendants' arguments as to the selective enforcement theory, the archaic assumptions theory, or the deliberate indifference theory.  Therefore, any reliance on those theories to support his Title IX claim has been waived.

*of Pennsylvania* makes clear "allegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss." 270 F. Supp. 3d 799, 822–23 (E.D. Pa. 2017). Rather, "a plaintiff must allege 'particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding.'" *Id* (citations omitted). Plaintiff does not plead any such *particular circumstances* to suggest that *gender bias* motivated the outcome of his disciplinary proceeding. Instead, as argued in Plaintiff's Opposition Brief, Plaintiff relies on allegations that: 1) the University has a webpage dedicated to supporting survivors where they claim to believe all accusers; 2) the University participates in an event called "Pittsburgh Universities Believe Survivors March;" and 3) the University provides "Trauma Informed Engagement Training" which is "developed to provide community members with skills to help them engage with the Pitt community using a trauma-focused approach." Opp. Br., p. 6. The problem with this argument, and what makes *Doe v. Trustees of the University of Pennsylvania* distinguishable, is that the allegations cited by Plaintiff in his Complaint make *no* reference to gender bias whereas in *Doe*, the court considered that the plaintiff's complaint alleged, *inter alia*, that the defendant designed its disciplinary procedures to favor *female* complainants and disfavor the respondents, *who are almost always male* and the plaintiff also referenced "a 2015 article that quoted Defendant's President and Provost as stating that the university was 'redoubling [its] efforts' to 'tackle [the] problem' identified in the 'deeply troubling' results of a study showing that a third of female students had reported being sexually assaulted and that *female students were significantly more likely to be sexually assaulted than male students*." *Doe*, 270 F. Supp. 3d at 823 (emphasis added). In this case, Plaintiff does not plead any similar allegations to

suggest that any representative of the University expressed bias in considering, for example, "survivors" and "accusers" to be female and the accused to be male.

Plaintiff also argues that he has "pled that the University, without reason, rationale, or logic, found a female student's allegations to be true despite no supportive evidence existing" and that "the University credited exclusively female testimony and rejected all male 'testimony' by way of his interview" – all without any citation to the Complaint.  However, a close reading of Plaintiff's Complaint reveals that he makes no such allegations and the general allegations referred to by Plaintiff in his Opposition Brief "that the investigator never raised the abuse allegations or asked any questions pertaining to them (Compl. at ¶ 79)" and that "the University repeatedly rejected John's numerous attempts to provide further evidence/testimony.  (Compl. at ¶¶ 80-82, 86-87)" find fault with the University's investigation but, once again, are gender neutral and do not attribute that fault to gender bias because there are no allegations that female testimony was credited over male testimony, for example, or that gender bias was otherwise involved.  *See* Opp. Br., p. 8.  Moreover, Plaintiff's assertion that this case is similar to *Doe v. Baum*, 903 F.3d 575, 586 (6th Cir. 2018) is misplaced.  In *Baum,* the Court considered that:

> the Board credited exclusively female testimony (from Roe and her witnesses) and rejected all of the male testimony (from Doe and his witnesses). In doing so, the Board explained that Doe's witnesses lacked credibility because 'many of them were fraternity brothers of [Doe].' But the Board did not similarly note that several of Roe's witnesses were her sorority sisters, nor did it note that they were female.

*Id.*  Here, Plaintiff's Complaint contains no specific allegations that female testimony was credited or favored over male testimony.  Accordingly, Plaintiff's Title IX claim fails.

**B.      The Complaint does not support the conclusion that Plaintiff has a protectable property interest[2] or liberty interest or that he suffered cognizable harm to support his due process claim.**

In support of his argument that he has sufficiently plead a cognizable property interest to support his Section 1983 due process claim, Plaintiff argues that he pleads that he was "more than a visitor" and "had a tangible and ongoing business relationship with the University." Opp. Br., p. 9. But, Plaintiff does not cite any case law to establish that there is a protectable property interest in an "ongoing business relationship." Indeed, it has been held that a "business relationship between the parties alone is insufficient to create a cognizable property interest under the Due Process Clause." *One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 822 (W.D. Pa. 2013).

Moreover, Plaintiff does not address Defendants' argument in their opening brief that Plaintiff's failure to plead that the individual defendants personally had any student, faculty, or employment relationship with Plaintiff is fatal to his claim. Accordingly, Plaintiff's Complaint does not plead a protectable property interest.

Nor has Plaintiff plead a protectable liberty interest. Plaintiff's Opposition Brief argues that when Defendants notified his subsequent employer at the time about the allegations against him, Defendants knew those allegations were false. However, even if this were true, it is inapposite. Plaintiff alleges in the Complaint only that "Gift replied that she and/or the University notified John's supervisors at his current employer (which was not the University) *of*

---

[2] As an initial matter, Plaintiff's attempt to refute Defendants' argument that he has not sufficiently plead a property interest to support his Section 1983 claim by arguing that the University gave Plaintiff "a 'sponsored account,' which allowed [Plaintiff] to have a University email address and held him out as a member of the University community" cannot be considered by this Court. Opp. Br., p. 9. As Plaintiff admits, this fact is not plead in the Complaint, and therefore, it cannot be considered to refute Defendants' Motion. Indeed, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

*the allegations.*" Compl. ¶ 70 (emphasis added). The fact that there were allegations made against Plaintiff is true based on Plaintiff's Complaint and Plaintiff simply does not plead that the University shared any *false* information with his subsequent employer, as is required to plead a due process claim for deprivation of a liberty interest. Any assertion by Plaintiff that the allegations were false (and known to be false by Defendants) is a red herring because he pleads only that the University notified his employer at the time *of the allegations* against him and the fact that allegations were made against him is true, whether or not the underlying allegations were false. There is therefore no allegation of any false statement by the University Defendants to any third party plead in Plaintiff's Complaint, and thus no protectable liberty interest.

Finally, Plaintiff's Opposition Brief asks the Court to infer that Plaintiff suffered reputational harm based on the nature of the allegations against him. However, nowhere in the Complaint does Plaintiff plead that he actually suffered any damage to his reputation or standing with any third parties and the inference he asks the Court to draw is therefore too great a leap. For all of the above reasons, Plaintiff's Section 1983 due process claim must be dismissed.[3]

### C.   The Complaint does not include facts indicating that the individual defendants were acting under the color of state law and, as such, Plaintiff's due process claim also fails for this reason.

Plaintiff argues in his Opposition Brief that Plaintiff adequately plead that the individual defendants are state actors because the Complaint states that each individual defendant "was, at all relevant times to this action, an employee of the University of Pittsburgh." Opp. Br., pp. 11-12. However, assuming *arguendo* that the University itself is a state actor, this is still not enough

---

[3] In Plaintiff's Opposition Brief he claims that Defendants' citation to *Dondero v. Lower Milford Township*, 5 F.4th 355, 360-361 (3d Cir. 2021) is misplaced because it does not stand for the proposition that a cognizable reputational liberty interest claim must be made in connection with an employee's termination. While the *Dondero* case establishes the stigma-plus test, Defendants intended to also cite to *Deltondo v. Sch. Dist. of Pittsburgh*, No. CV 2:22-350, 2023 WL 2876812, at *11 (W.D. Pa. Jan. 30, 2023), *report and recommendation adopted,* No. 2:22-CV-350, 2023 WL 2534817 (W.D. Pa. Mar. 16, 2023) (voluntary resignations and retirements present an insurmountable barrier to a plaintiff's ability to maintain a due process claim.).

to survive a motion to dismiss because "an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d Cir. 1995)). "[T]he relevant question is not whether the private actor and the state have a close relationship generally, but whether there is 'such a close nexus between the State and *the challenged action* that seemingly private behavior may be fairly treated as that of the State itself.'" *Id* (citing *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). "In other words, the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Id* (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). "And this is true even when the actor is employed by the state." *Id.*

Other than alleging conclusively that the individual defendants are state actors because they are employees of the University, Plaintiff does not plead any facts in the Complaint to suggest any other legal or factual basis for concluding that the individual defendants are state actors who could be liable under § 1983.

Finally, Plaintiff's Opposition Brief ignores Defendants' argument that Defendants Gallaher and DeJong are not alleged to have any personal involvement in the alleged wrongdoing and therefore his Section 1983 due process claim cannot proceed against them.

### D. Plaintiff's failure to address defendants' arguments as to defamation and breach of contract results in waiver of those claims.

Plaintiff's Opposition Brief fails to address Defendants' arguments as to Plaintiff's defamation and breach of contract claims. Where a plaintiff fails to address an argument raised by a defendant in support of a motion to dismiss despite ample opportunity, courts have found those claims to be waived. *See Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008); *see*

7

*also D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999). Accordingly, any opposition has been waived and those claims must be dismissed.

### III. CONCLUSION

For the reasons set forth above, as well as those in Defendants' Motion to Dismiss and Brief in support thereof, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

*/s/Mariah L. Passarelli*
Mariah L. Passarelli (PA 202469)

COZEN O'CONNOR
One Oxford Centre
301 Grant Street, 41st Floor
Pittsburgh, PA 15219
Telephone: 412.620.6502

*Counsel for James Gallaher, Laurel Gift, David Dejong, University of Pittsburgh of the Commonwealth System of Higher Education, Kristi Heidel, and Vanessa Love*

Dated: September 16, 2025